UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00097-GNS-DW

CARLOS BOOKER                                                              PLAINTIFF
by Barbara Booker

v.

GATES RUBBER COMPANY, INC.                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss (DN 13). The motion is ripe for adjudication. For the reasons detailed below, the motion is **GRANTED**.

## I.     BACKGROUND

Plaintiff Carlos Booker ("Booker") worked for Gates Rubber Co. ("Gates") in Elizabethtown, Kentucky, from 1975 to 1999. (Compl. ¶ 10, DN 1-2). The Complaint alleges that while working for Gates, Booker inhaled toxic chemicals which caused him numerous illnesses. (Compl. ¶ 13). Specifically, the Complaint alleges that Gates manufactured products with use of the chemical benzene, which caused Booker's bladder cancer. (Compl. ¶ 4). Booker died on July 9, 2006. (Compl. 5).

On January 12, 2016, Booker's wife filed a complaint in Hardin County Circuit Court alleging that his physical injuries and death were caused by his occupational exposure to chemicals and compounds while employed at Gates. (Compl. ¶ 6). Following the removal of the lawsuit to this Court, Gates has moved to dismiss the claims.[1]

---

[1] Plaintiff filed a response on July 15, 2016. (Pl.'s Resp. to Def.'s Mot. to Dismiss, DN 22). On July 18, 2016, the Court ordered Plaintiff to supplement or revise her response by no later than August 18, 2016. (Order to Supplement Pleadings, DN 23). No supplemental or revised filings were filed.

## II.     JURISDICTION

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as there is complete diversity between Gates and Booker and the amount in controversy exceeds the sum of $75,000.00.

## III.     STANDARD OF REVIEW

A complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  When considering a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint in a light most favorable to the nonmoving party, accepting "as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976)).  The nonmoving party, however, must plead more than bare legal conclusions. *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).  In order to survive a 12(b)(6) motion, "[the] complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The pleading need not contain detailed factual allegations, but the nonmoving party must allege facts that, when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citation omitted).

## IV.     DISCUSSION

"Under Kentucky law, a wrongful death claim may be brought only by an appointed estate representative, and the claim must be filed within one year of the representative's appointment and no later than two years after the decedent's death." *Moody v. Cooper Indus.*,

*Inc.*, No. CIV.A.03-158-JBC, 2006 WL 1207703, at *2 (E.D. Ky. May 3, 2006) (citing *Conner v. George W. Whitesides Co.*, 834 S.W.2d 652, 655 (Ky. 1992)).  A personal representative of a decedent who was injured by a tortious act of another and later dies from those injuries, may "recover in the same action for both wrongful death of the decedent and for the personal injuries from which the decedent suffered prior to death . . . ."  KRS 411.133.  Claims for personal injury are subject to a one-year statute of limitations.  *See* KRS 413.140.  If the statute of limitations for a personal injury claim has not yet run when the person entitled to bring the claim dies, his personal representative may bring the action and the personal representative will have one year from the time of appointment to commence the action, but no more than two years after the decedent's death.  *See* KRS 413.180; *see also Everley v. Wright*, 872 S.W.2d 95, 97 (Ky. App. 1993) (noting that *Conner* sets an outer limit of two years from the date of death in which the lawsuit must be filed to avoid the statute of limitations).

Here, Plaintiff seeks damages for pain and suffering, physical injury, medical expenses, lost wages, wrongful death and punitive damages, which constitute claims for personal injury and wrongful death. (Compl. 2).  The death certificate attached to the Complaint states Booker died on July 9, 2006, which was *over nine years* before this action was brought in Hardin Circuit Court by his personal representative.  (Compl. 5).  This is well outside of the maximum limitations period of two years after the date of death that Kentucky law provides for wrongful death claims.  Additionally, the personal injury claims were known—at the very least—on the date of Booker's death.  KRS 413.180 provides a maximum period of two years after the date of death for a personal representative to bring a personal injury claim, and Booker's claims were not brought until January 2016.  Therefore, Plaintiff's claims are time-barred.

Plaintiff argues that KRS 342.316 should govern this cause of action because KRS 342.316 is the statute "regarding radiation diseases and asbestos and related chemicals." (Pl.'s Resp. to Def.'s Mot. to Dismiss 2). While KRS 342.316 does provide a statute of limitations for actions arising under the statute, KRS 342.316 governs claims brought under the Kentucky Worker's Compensation Act. Because Plaintiff's claims were not asserted under the Worker's Compensation Act, KRS 342.316 does not apply. Further, even if KRS 342.316 were to apply, Plaintiff's claims would still be time-barred as KRS 342.316 requires claims to be brought within "five (5) years from the last injurious exposure to the occupational hazard, except that, in cases of radiation disease or asbestos-related disease, a claim must be filed within twenty (20) years from the last injurious exposure to the occupational hazard." KRS 342.316(4)(a). Booker ended his employment at Gates in 1999, therefore, his last injurious exposure to the occupational hazard is far outside of the five-year statute of limitations of KRS 342.316. Further, there is no allegation in the Complaint of radiation or asbestos-related diseases, which would otherwise extend the time for filing a workers' compensation claim.

Plaintiff's claims are thus outside of the statute of limitations. Therefore, the action is dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 13) is **GRANTED.**

November 7, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc: counsel of record

4